| ADVERSARY PROCEEDING COVER SHEET | ADVERSARY PROCEEDING NUMBER (Court use only) |
|---|---|
| **PLAINTIFFS**<br>Moshtaba Vedad | **DEFENDANTS**<br>DT Credit Company, LLC |
| ATTORNEYS (Firm Name, Address and Telephone No.)<br>**Ann U. Bell, District ID#10372**<br>**Drose Law Firm       (843) 767-8888**<br>**3955 Faber Place Dr., Ste. 103**<br>**Charleston, SC 29405-8565** | ATTORNEYS (If Known) |

PARTY (Check one box only)   ☐ 1. U.S. Plaintiff   ☐ 2. U.S. Defendant   ■ 3. U.S. Not a Party

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**Core Proceeding pursuant to 28 U.S.C. Sec. 157(b)(2)(K) regarding the violation of the discharge injunction.**

## NATURE OF SUIT
(Check the one most appropriate box only)

☐ 454 To recover money or property

☐ 455 To revoke an order of confirmation of a Chap. 11 or Chap. 13 Plan

☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action

☐ 435 To determine validity, priority, or extent of a lien or other interest in property

☐ 426 To determine the dischargeability of a debt 11 U.S.C. §523

☐ 459 To determine a claim or cause of action removed to a bankruptcy court

☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property

☐ 434 To obtain an injunction or other equitable relief

■ 498 Other (specify) **Sec. 524 To determine the violation of the discharge injunction**

☐ 424 To object to or revoke a discharge 11 U.S.C. §727

☐ 457 To subordinate any allowed claim or interest

| ORIGIN OF PROCEEDINGS | ■ 1. Original Proceeding | ☐ 2. Removed Proceeding | ☐ 4. Transferred to another Bankruptcy Court | ☐ 5. Reinstated or reopened | ☐ Check if this is a class action under FRCP 23 |
|---|---|---|---|---|---|
| DEMAND | NEAREST THOUSAND<br>$ To Be Determined | OTHER RELIEF SOUGHT<br>***DECLARATORY JUDGMENT***<br>***RE: Discharge Violation*** | | | ☐ JURY DEMAND |

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR(S)<br>Moshtaba Vedad | BANKRUPTCY CASE NO.<br>14-06289 | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>South Carolina | DIVISIONAL OFFICE | NAME OF JUDGE<br>John E. Waites |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

FILING FEE (Check one box only)   ☐ Fee Attached   ■ Fee Not Required   ☐ Fee is Deferred

| DATE<br>April 1, 2019 | PRINT NAME OF ATTORNEY<br>ANN U. BELL | SIGNATURE OF ATTORNEY<br>/s/ Ann U. Bell |
|---|---|---|

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>MOSHTABA VEDAD,<br><br>       Debtor, | Bankruptcy Case No. 14-06289<br>Chapter 13 |
| MOSHTABA VEDAD<br><br>       Plaintiff,<br><br>vs.<br><br>DT CREDIT COMPANY, LLC,<br><br>       Defendant. | Adversary Case No.<br><br>**COMPLAINT** |

Plaintiff, Moshtaba Vedad, would respectfully allege as follows:

1. Plaintiff filed a chapter 13 action on November 4, 2014, listing Defendant, Drive Time, as an interested party and notice was duly provided this entity.

2. Defendant filed a timely Proof of Claim on January 22, 2015, in the amount of $17,439.63, secured by a 2006 BMW 325i, VIN # WBAVB16546KX44594. Plaintiff's amended plan was confirmed by order of the bankruptcy court entered on April 24, 2018. During Plaintiff's bankruptcy, the trustee paid the value of Defendant's secured claim in full as stated in the confirmed plan, together with interest, as required under the plan. An Order discharging the Plaintiff was entered December 27, 2018.

3. After the discharge was issued, Plaintiffs requested the title from Defendant via a letter dated February 25, 2019, but said title was not forthcoming.

4. Plaintiff's counsel sent Defendant a certified letter dated March 15, 2019 requesting the title, and the return receipt was received indicating a that the letter was received March 19, 2019 and said title was not forthcoming.

5. Neither the title, nor a release of lien, has been forthcoming from Defendant.

6. This court has jurisdiction of this matter under 28 U.S.C. §1334. This is a core proceeding under 28 U.S.C. §157. Venue is appropriate under 28 U.S.C. §1409.

7. Plaintiffs' Chapter 13 plan contains the following Court-approved standard language: " Secured creditors paid the full secured claim provided for by this plan shall timely satisfy any liens

in the manner required by applicable law or order of this Court." Plaintiff believes that Defendant has violated this obligation imposed upon it by the Court and its continued failure to comply represents an ongoing violation thereof.

8. Plaintiff believes that the actions of Defendant constitute a violation of the discharge injunction of 11 U.S.C. §524. Plaintiff further believes that under 11 U.S.C. §105 this court has power to issue an order for Defendant's contempt which necessitated this chain of events, causing Plaintiff emotional distress, unnecessary costs, attorney's fees and damages.

WHEREFORE, Plaintiff would ask this court to fashion a remedy which this court believes to be fair and equitable.

DROSE LAW FIRM

BY: /s/Ann U. Bell
Ann U. Bell
District Court I.D. #10372
Attorneys for Plaintiff
3955 Faber Place Drive, Suite 103

Charleston, South Carolina
Dated: April 1, 2019

Charleston, SC 29405
(843) 767-8888

2